UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LASHAWN JOHNSON,                                                   Petitioner,

v.                                           Civil Action No. 3:14-cv-514-DJH-CHL

RANDY WHITE,                                                   Respondent.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

LaShawn Johnson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Docket No. 1) Respondent Randy White opposes Johnson's petition. (D.N. 15) The Court referred the matter to Magistrate Judge Colin Lindsay, who submitted Findings of Fact, Conclusions of Law, and Recommendation. (D.N. 29) Judge Lindsay recommended that the Court deny Johnson's petition with prejudice and deny a certificate of appealability. (*Id.*, PageID # 358) White and Johnson timely filed objections to Judge Lindsay's report and recommendation. (D.N. 30; D.N. 31) While Johnson objects to Judge Lindsay's recommendation that his petition be denied (D.N. 31), White took "the unusual position" of objecting to the favorable report to correct an oversight in failing to bring a Sixth Circuit case to Judge Lindsay's attention (D.N. 30). For the reasons set forth below, White's objection will be sustained, and Johnson's objection will be overruled. The Court will adopt in part Judge Lindsay's Findings of Fact, Conclusions of Law, and Recommendation and deny Johnson's habeas petition.

**I.    BACKGROUND**

A jury found Johnson guilty of first-degree robbery and first-degree burglary and sentenced him to twenty-five years' imprisonment. *Johnson v. Commonwealth*, 327 S.W.3d 501,

505 (Ky. 2010). Johnson appealed to the Kentucky Supreme Court, which hears direct appeals from circuit-court judgments imposing prison sentences of twenty years or more. *See* Ky. Const. § 110(2)(b); *Johnson*, 327 S.W.3d at 503. In his direct appeal, Johnson argued that the trial court erred in refusing to instruct the jury on second-degree robbery and second-degree burglary and in failing to hold an evidentiary hearing on his motion to suppress DNA evidence. *Johnson*, 327 S.W.3d at 503. The Kentucky Supreme Court rejected Johnson's arguments and affirmed the trial court's judgment. *Id.*

Johnson then filed a motion to vacate, set aside, or correct the judgment against him pursuant to Kentucky Rule of Criminal Procedure 11.42. *Johnson v. Commonwealth*, No. 2012-CA-000320-MR, 2013 WL 1776029, at *1 (Ky. Ct. App. Apr. 26, 2013). As grounds for the motion, Johnson asserted that his trial counsel was ineffective for failing to conduct an adequate pretrial investigation, failing to prepare for trial, permitting unlawful DNA evidence to be admitted at trial, and failing to ensure that the jury was properly instructed. *Id.* at *2. The trial court denied the motion without an evidentiary hearing, and the Kentucky Court of Appeals affirmed. *Id.* at *1, *5. Johnson filed a motion for discretionary review, which the Kentucky Supreme Court denied. (D.N. 15-11, PageID # 277)

Johnson, who remains in state custody, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.N. 1) As grounds for his petition, Johnson alleges that the state trial court refused to let the jury decide whether the weapon used in this case was a "deadly weapon"; the court allowed illegally obtained DNA evidence to be submitted to the jury; trial counsel refused to allow him to represent himself; counsel refused to ask certain questions of the victim at trial; and counsel failed to object to perjury during the sentencing phase of his trial. (*Id.*, PageID # 5, 7-8, 10, 12)

This matter was referred to United States Magistrate Judge Colin Lindsay for Findings of Fact, Conclusions of Law, and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (D.N. 10, PageID # 40; D.N. 23) Both White and Johnson filed objections to the report and recommendation. (D.N. 30; D.N. 31) The Court reviews de novo the portions of the report and recommendation to which objections are filed. *See Walkup v. United States*, No. 1:09-CR-00026-TBR-HBB, 2016 WL 6780332, at *1 (W.D. Ky. Nov. 15, 2016).

## II. DISCUSSION

### A. Legal Standards

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

> An application for a writ of habeas corpus . . . shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

§ 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). "In order to exhaust a claim, the petitioner 'must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.'" *Woolbright v. Crews*, 791 F.3d 628, 631 (6th Cir. 2015)

(quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). "When a petitioner has failed to fairly present his claims to the state courts and no state remedy remains, his claims are considered to be procedurally defaulted." *Id.* "If a petitioner's claims are procedurally defaulted, they may not be reviewed by a habeas court unless he can demonstrate 'cause' and 'prejudice.'" *Id.* (quoting *McMeans v. Brigano*, 228 F.3d 674, 680 (6th Cir. 2000)).

The Antiterrorism and Effective Death Penalty Act (AEDPA), which amended Section 2254(d), "requires 'heightened respect' for legal and factual determinations made by state courts." *Chatman v. Litteral*, No. 5:16-cv-00177-GNS-LLK, 2017 WL 4330370, at *3 (W.D. Ky. Sept. 29, 2017) (quoting *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998)). The AEDPA provides that

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by th[e] [Supreme] Court on a question of law or if the state court decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

4

### B. White's Objection

Judge Lindsay concluded that Johnson procedurally defaulted two of his claims related to ineffective assistance of counsel because he did not present them to the state courts or show good cause for his failure to do so. (D.N. 29, PageID # 355, 358) White objected to Judge Lindsay's conclusion that Johnson failed to show good cause, on the basis of a recent Sixth Circuit decision holding that there may be good cause to excuse procedural default of an ineffective-assistance claim if the prisoner was unrepresented by counsel during the initial collateral-review proceeding in state court.[1] (D.N. 30, PageID # 359-60) That case, *Woolbright*, *supra*, reiterated prior Supreme Court holdings that cause to excuse procedural default of a substantial ineffective-assistance claim may be established where (1) state law bars or denies a petitioner the meaningful opportunity to raise ineffective-assistance claims on direct appeal; and (2) the petitioner was unrepresented (or lacked effective assistance of counsel) at his initial collateral-review proceeding. 791 F.3d at 631 (citing *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) and *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)). While White asserts that *Woolbright* represents a change in the law on procedural default (D.N. 30, PageID # 359), the court in that case simply held that the *Martinez/Trevino* rule applied in Kentucky to ensure that defendants in this state receive a meaningful opportunity to have their ineffective-assistance claims adjudicated on direct appeal. 791 F.3d at 635-36.

Johnson was not represented by counsel during his initial collateral-review proceeding in state court. *See Johnson*, 2013 WL 1776029, at *2. The Court will therefore sustain White's narrow objection to the extent it seeks to clarify that Johnson may be able to show cause under

---

[1] White did not concede that his procedural-default defenses failed, however. Instead, he asserted that, although Johnson could show cause for his procedural default on these two claims, he could not show prejudice. (D.N. 30, PageID # 360)

*Martinez* and *Trevino* for his procedural default, as he did not receive a meaningful opportunity to raise his ineffective-assistance claims on direct appeal and lacked representation at his initial collateral-review proceeding. *See Blincoe v. White*, No. 3:13-CV-00846-GNS-DW, 2015 WL 7571844, at *5 (W.D. Ky. Nov. 24, 2015) (acknowledging that the defendant was correct in arguing that *Martinez* and *Trevino* applied to Kentucky's post-conviction relief procedures so he was able to show cause to excuse his procedural default). The Court notes, however, that its conclusion here regarding cause does not change the outcome of this case for the reasons that follow.

### C. Johnson's Objection

Johnson sought habeas relief on five separate grounds. (*See* D.N. 1) The Court will discuss each ground for habeas relief in turn.

#### 1. Ground One: Jury Instructions

First, Johnson argues that the trial court refused to let the jury decide whether the weapon used in this case was a "deadly weapon." (D.N. 1, PageID # 5) Judge Lindsay found that Johnson sufficiently raised this argument to the trial court and the Kentucky Supreme Court, exhausting his available state-court remedies. (D.N. 29, PageID # 350) However, Judge Lindsay concluded that Johnson had not shown that the Kentucky Supreme Court's decision affirming the trial court's jury instructions was contrary to, or an unreasonable application of, clearly established federal law. (*Id.*, PageID # 352) Johnson objects to the report and recommendation, arguing that the trial judge's instructions were contrary to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as applied in *Thacker v. Commonwealth*, 194 S.W.3d 287 (Ky. 2006). (D.N. 31, PageID # 363)

A criminal defendant is entitled to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Apprendi*, 530 U.S. at 477. The Kentucky Supreme Court in *Thacker* applied *Apprendi* and concluded that the jury must be allowed to determine whether a weapon is a "deadly weapon" where one of the charged crime's essential elements is being armed with a deadly weapon. 194 S.W.3d at 289-90.

In this case, the jury convicted Johnson of first-degree robbery and first-degree burglary. *Johnson*, 327 S.W.3d at 505. Under Kentucky law,

> [a] person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:
>
> (a) Causes physical injury to any person who is not a participant in the crime; or
>
> (b) Is armed with a deadly weapon; or
>
> (c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

Ky. Rev. Stat. § 515.020(1). Kentucky statutes further provide that

> [a] person is guilty of burglary in the first degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building, and when in effecting entry or while in the building or in the immediate flight therefrom, he or another participant in the crime:
>
> (a) Is armed with explosives or a deadly weapon; or
>
> (b) Causes physical injury to any person who is not a participant in the crime; or
>
> (c) Uses or threatens the use of a dangerous instrument against any person who is not a participant in the crime.

§ 511.020(1). Thus, use of a deadly weapon is one of three alternative elements for first-degree robbery and burglary. The trial court submitted to the jury the question of whether the weapon was deadly. *See Johnson*, 327 S.W.3d at 507. Indeed, it instructed the jury on the elements of first-degree robbery and burglary and issued an instruction defining "deadly weapon" using the

7

language of the statute that defines that term. *Id.* at 507 n.14; *see* Ky. Rev. Stat. § 500.080(4). The Kentucky Supreme Court affirmed the trial court's judgment. *Johnson*, 327 S.W.3d at 512.

Johnson is correct that, in accordance with *Apprendi* and *Thacker*, the jury was required to determine whether he used a deadly weapon. However, the trial court here allowed the jury to make that determination. The Court therefore agrees with Judge Lindsay's conclusion that Johnson has failed to show that the Kentucky Supreme Court's decision affirming the trial court on this issue was either contrary to, or an unreasonable application of, clearly established federal law.

### 2. Ground Two: DNA Evidence

Second, Johnson argues that his constitutional rights were violated because DNA evidence was illegally obtained and admitted against him at trial. (D.N. 1, PageID # 7) Specifically, Johnson argues that his blood was drawn without his consent and used to generate a DNA profile that was entered into the Combined DNA Index System (CODIS) and later used to link him to a drinking straw found at the scene of the crime. (*Id.*) Judge Lindsay concluded that this claim was not cognizable in a federal habeas petition because Johnson already had an opportunity for full and fair litigation of his Fourth Amendment claim, which the Kentucky Supreme Court addressed on the merits. (D.N. 29, PageID # 353) Judge Lindsay therefore recommended that the Court deny the habeas petition with respect to ground two. (*Id.*)

Johnson's objection does not mention this ground for relief, so the Court assumes that he does not object to this portion of the report and recommendation. The Court need not review a magistrate judge's factual or legal conclusions when no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). Nevertheless, the Court has reviewed the record and agrees with Judge Lindsay's recommendation. The Supreme Court has held that "where the State has

8

provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 481-82 (1976). The Kentucky Supreme Court's decision affirming the trial court in this case contains a lengthy discussion of Johnson's motion to suppress the DNA evidence. *See Johnson*, 327 S.W.3d at 508-12. Johnson has not shown that he did not have an opportunity for full and fair litigation of his Fourth Amendment claim in state court. Thus, the Court agrees with Judge Lindsay's conclusion that federal habeas corpus relief is not appropriate on this ground.

### 3. Ground Three: Self-Representation

The remaining three grounds for relief in this case involve ineffective assistance of counsel. Johnson first argues that his trial counsel was ineffective because he refused to inform the court that Johnson wanted to represent himself and failed to request a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), in order to determine whether Johnson knowingly waived his right to counsel. (D.N. 1, PageID # 8) Judge Lindsay concluded that Johnson procedurally defaulted this claim because he failed to exhaust his state-court remedies and could not show cause for his failure to exhaust. (D.N. 29, PageID # 354-55) In his objection, Johnson relies on *Martinez* and argues that he can show prejudice because his ineffective-assistance claim is "substantial." (D.N. 31, PageID # 363-64)

But Johnson did not raise this particular ineffective-assistance claim in state court. (*See* D.N. 1, PageID # 9-10) He therefore failed to exhaust his state-court remedies with respect to this claim. *See Woolbright*, 791 F.3d at 631. No state remedy remains because Kentucky's rules for post-conviction relief would not allow Johnson to bring another motion to assert this claim.

9

*See* Ky. R. Crim. P. 11.42(3) ("Final disposition of the [Rule 11.42] motion shall conclude all issues that could reasonably have been presented in the same proceeding."); *Johnson*, 2013 WL 1776029, at *1-2 (affirming lower court's denial of Johnson's first Rule 11.42 motion, which raised multiple ineffective-assistance issues); *see also* Ky. R. Civ. P. 60.02 (providing relief from a final judgment in certain circumstances); *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997) ("Civil Rule 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could 'reasonably have been presented' by direct appeal or RCr 11.42 proceedings."). Hence, the Court agrees with Judge Lindsay that Johnson has procedurally defaulted this claim. *See Woolbright*, 791 F.3d at 631.

To overcome procedural default, Johnson must demonstrate "cause" and "prejudice." *See id.* As explained above, Johnson may be able to demonstrate cause for his default. *See supra* Section III.B. But "[h]abeas petitioners must additionally show 'actual prejudice' to excuse their default." *Jones v. Bell*, 801 F.3d 556, 563 (6th Cir. 2015) (quoting *Ambrose v. Booker*, 684 F.3d 638, 649 (6th Cir. 2012)). To determine prejudice, the Court "look[s] to the record to determine if the outcome of the trial would have been different" absent counsel's errors. *Id.* "The 'most important aspect to the inquiry is the strength of the case against the defendant' and whether a trial without errors would still have resulted in conviction." *Id.* (quoting *Ambrose*, 684 F.3d at 652).

Johnson asserts that the result of the proceeding would have been different absent counsel's errors because he would have been entitled to a new trial if the judge knew that he had requested to represent himself both before trial and at trial. (D.N. 20, PageID # 321) Johnson has not shown, however, that the outcome of the trial would have been different had he represented himself. *See Jones*, 801 F.3d at 563-64; *see also Kennedy v. Mackie*, 639 F. App'x

285, 295 (6th Cir. 2016) ("[T]he fact that the trial court's denial of a defendant's right to self-representation . . . creates an automatic right to a new trial . . . does not mean that the 'actual and eventual outcome of the trial' would be different."). Nor is there any basis here to believe that Johnson would have defended himself better than his attorney. *See Kennedy*, 639 F. App'x at 295. Johnson asserts that he would have asked questions of the victim (D.N. 1, PageID # 8; D.N. 20, PageID # 317), but the record showed "overwhelming and uncontradicted evidence" of an intruder causing physical injury to the victim. *Johnson*, 327 S.W.3d at 505, 508. Because Johnson has failed to show actual prejudice resulting from his trial counsel's alleged errors, this ineffective-assistance claim is barred by the procedural-default doctrine. *See Kennedy*, 639 F. App'x at 294-95; *Jones*, 801 F.3d at 564.

### 4. Ground Four: Questioning the Victim

Johnson also argues that his trial counsel was ineffective in denying Johnson his right to present a complete defense, to participate in his own defense, and to cross-examine his accusers. (D.N. 1, PageID # 10) Specifically, Johnson asserts that he noted inconsistencies in the victim's testimony and wrote them down, along with questions that would perjure the victim, but counsel refused to ask the questions. (*Id.*) Judge Lindsay concluded that Johnson had exhausted his state-court remedies as to this issue but had not shown that the Kentucky Court of Appeals decision affirming the trial court's denial of this claim was contrary to, or an unreasonable application of, clearly established federal law. (D.N. 29, PageID # 355-56) In his objection, Johnson argues that his attorney had an obligation to investigate every piece of evidence. (D.N. 31, PageID # 364)

Although Johnson asserts in his petition that he did not exhaust his state-court remedies with respect to this claim (D.N. 1, PageID # 10), the record shows that Johnson indeed raised this

11

ineffective-assistance argument in the Kentucky trial court and court of appeals (*see* D.N. 15-6, PageID # 202; D.N. 15-7, PageID # 226). After the court of appeals ruled against him (D.N. 15-10, PageID # 276), Johnson unsuccessfully sought discretionary review in the Kentucky Supreme Court (D.N. 15-11). The Court thus agrees with Judge Lindsay that Johnson exhausted his state-court remedies with respect to this claim.

To obtain relief, Johnson must also show that the decision of the Kentucky courts was contrary to, or involved an unreasonable application of, clearly established federal law according to the Supreme Court. *See* 28 U.S.C. § 2254(d). In his brief to the Kentucky Court of Appeals, Johnson argued that his trial counsel was ineffective for failing to secure medical records that would have showed that the victim was not injured and failing to properly cross-examine the Commonwealth's witnesses (including the victim) who testified as to the victim's injuries. (D.N. 15-7, PageID # 225-26) The Kentucky Court of Appeals applied the correct legal principle from *Strickland v. Washington*, 466 U.S. 668 (1984), to Johnson's claim. (D.N. 15-10, PageID # 270-71) The court determined that trial counsel's performance was not deficient in light of the fact that three individuals testified that the victim was injured. (*Id.*, PageID # 271-72) One witness observed the victim bleeding from the face; a detective said that the victim had an open wound on his head; and the victim claimed that he was provided crutches for a sprained ankle. (*Id.*, PageID # 272) The court concluded that, under *Strickland*, Johnson had not shown that counsel's pretrial investigation or trial defense fell below "an objective standard of reasonableness." (*Id.*, PageID # 273)

In sum, the Court agrees with Judge Lindsay that Johnson has not shown that the Kentucky Court of Appeals "arrive[d] at a [legal] conclusion opposite to that reached by th[e] [Supreme] Court," "decide[d] a case differently than th[e] [Supreme] Court" on similar facts, or

"identifie[d] the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applie[d] [it] to the facts." *See Williams*, 529 U.S. at 412-13. The Court will therefore deny habeas relief on this ground.

5. **Ground Five: Sentencing**

Johnson finally argues that his trial counsel was ineffective for failing to investigate the sentencing laws in relation to his case and failing to object to perjury on the part of the probation and parole officer during the sentencing phase of his trial. (D.N. 1, PageID # 12) Judge Lindsay concluded that this claim was barred by the procedural-default doctrine because Johnson failed to raise it in state court and did not show good cause to excuse that failure. (D.N. 29, PageID # 358) In his objection, Johnson argues that he in effect had no representation during the penalty phase because his trial counsel led the jury to believe lies from the prosecution as well as from probation and parole. (D.N. 31, PageID # 364-65)

Johnson did not raise this ineffective-assistance claim in state court. (*See* D.N. 1, PageID # 13) He therefore failed to exhaust his state-court remedies with respect to this claim. *See Woolbright*, 791 F.3d at 631. Again, no state remedy remains because Kentucky rules disallow another motion to assert this claim. *See* Ky. R. Crim. P. 11.42(3) ("Final disposition of the [Rule 11.42] motion shall conclude all issues that could reasonably have been presented in the same proceeding."); *Johnson*, 2013 WL 1776029, at *1-2 (affirming lower court's denial of Johnson's first Rule 11.42 motion, which raised multiple ineffective-assistance issues); *see also* Ky. R. Civ. P. 60.02 (providing relief from a final judgment in certain circumstances); *McQueen*, 948 S.W.2d at 416 ("Civil Rule 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could 'reasonably have been presented' by direct appeal or RCr 11.42

proceedings."). The Court agrees that Johnson has procedurally defaulted this claim. *See Woolbright*, 791 F.3d at 631.

Johnson must demonstrate "cause" and "prejudice" to overcome procedural default. *See id.* As explained above, Johnson may be able to demonstrate cause for his default. But Johnson must also show actual prejudice. *See Jones*, 801 F.3d at 563; *Edmonds v. Smith*, No. 3:15-cv-00859-CRS, 2017 WL 3431970, at *30 (W.D. Ky. Apr. 21, 2017). Johnson must show more than a mere possibility of prejudice; he must establish "a reasonable probability that the outcome of the [sentencing] would have been different" absent counsel's ineffective assistance. *Edmonds*, 2017 WL 3431970, at *30; *see Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir. 2002).

Johnson asserts that he was prejudiced because the jury decided his sentence based on lies from his own counsel, the prosecution, and the probation and parole officer. (D.N. 20, PageID # 322) Specifically, Johnson asserts that there is a reasonable probability that the jury would have given him the minimum possible sentence had counsel not allowed it to believe that he could receive "work for time" credit. (*Id.*, PageID # 323) He further asserts that this is plausible because the jury did not recommend the maximum sentence for his robbery and burglary convictions. (*Id.*)

The jury sentenced Johnson to twenty-five years' imprisonment on each charge, to be served concurrently. *See Johnson*, 327 S.W.3d at 505. As discussed above, Johnson was convicted of first-degree robbery and first-degree burglary. Both crimes are Class B felonies under Kentucky law that carry a statutory minimum penalty of ten years each. *See* Ky. Rev. Stat. §§ 515.020(2), 511.020(2), 532.060(2)(b). The jury in this case, however, found Johnson to be a first-degree persistent felony offender. *See Johnson*, 327 S.W.3d at 505. When a defendant is found to be a first-degree persistent felony offender in Kentucky, the jury must fix a sentence as

14

authorized under Ky. Rev. Stat. §§ 532.080(1) and 532.080(6). The relevant statute provides that if the offense for which the defendant presently stands convicted is a Class B felony, he shall be sentenced to a term of imprisonment not less than twenty years nor more than fifty years or life imprisonment. Ky. Rev. Stat. § 532.080(6)(a). The jury sentenced Johnson to twenty-five years, just five years over the statutory minimum. *See Johnson*, 327 S.W.3d at 505.

Johnson argues that but for his attorney's mistake, the jury would have sentenced him to the minimum twenty years instead of twenty-five years. (D.N. 20, PageID # 323) Johnson asserts that the probation and parole officer testified that he could get seven days per month in "work for time" credit toward his sentence. (D.N. 1, PageID # 12) White asserts that the officer testified that Johnson could get only four days per month off of his sentence. (D.N. 15, PageID # 75) Either way, the testimony was incorrect, as the statute that provides for work credit expressly excludes prisoners serving sentences for violent offenses, and first-degree robbery qualifies as a violent offense. *See* Ky. Rev. Stat. §§ 197.047(6)(b), 439.3401(1)(m). The Commonwealth appears to concede that counsel did not correct this error but argues that counsel "is not the guarantor of accurate testimony." (*See* D.N. 15, PageID # 76-77)

The Court is not convinced that had Johnson's trial counsel corrected the probation and parole officer, there is a "reasonable probability" that the jury would have sentenced him to twenty instead of twenty-five years. *See Edmonds*, 2017 WL 3431970, at *30. Johnson has not shown that the officer's testimony affected the jury's determination. Absent such a showing, it is mere speculation to say that the jury would have recommended a lesser sentence. The Court therefore concludes that Johnson is unable to show prejudice, and as a result, his ineffective-assistance claim is barred by procedural default. *See Jones*, 801 F.3d at 562-63.

### D. Certificate of Appealability

"Under the AEDPA, a decision of this Court may not be appealed to the Sixth Circuit absent a certificate of appealability." *Haight v. White*, No. 3:02-CV-00206-GNS-DW, 2017 WL 3584218, at *4 (W.D. Ky. Aug. 18, 2017); *see also* 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This showing requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Haight*, 2017 WL 3584218, at *4 (quoting *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). "Where a court has rejected a petitioner's constitutional claim on the merits, the petitioner must demonstrate 'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong' to satisfy Section 2253(c)." *Id.* (quoting *Slack*, 529 U.S. at 484). Meanwhile,

> [a] certificate of appealability should be issued when a writ of habeas corpus is denied on procedural grounds and the petitioner can demonstrate that: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Id.* (quoting *Slack*, 529 U.S. at 484).

Because the Court is satisfied that reasonable jurists would not find its rulings in this case debatable, a certificate of appealability must be denied. *See Smith v. Bolton*, No. 3:16-cv-P528-DJH, 2017 WL 319232, at *3 (W.D. Ky. Jan. 20, 2017).

### III. CONCLUSION

For the reasons discussed above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Colin Lindsay (D.N. 29) are **ADOPTED** in part and **INCORPORATED** by reference herein to the extent set forth above.

(2) White's objection (D.N. 30) to Judge Lindsay's report and recommendation is **SUSTAINED**. While the Court sustains this narrow objection, it does so without changing Judge Lindsay's conclusion that Johnson's petition should be denied.

(3) Johnson's objection (D.N. 31) to Judge Lindsay's report and recommendation is **OVERRULED**.

(4) A separate judgment will be issued this date.

March 12, 2018

**David J. Hale, Judge**
**United States District Court**